United States Court of Appeals,

Fifth Circuit.

No. 92-4526.

Ramon PORTILLO and Dolores Portillo, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

April 13, 1993.

Appeal from a Decision of the United States Tax Court.

Before WISDOM and DUHÉ, Circuit Judges and HAIK,[1] District Judge.

HAIK, District Judge:

Ramon and Dolores Portillo appeal an order of the Tax Court denying them litigation costs. A previous panel of this Court reversed the Tax Court's decision in part, affirmed in part, and remanded for recalculation. *Portillo v. C.I.R.,* 932 F.2d 1128 (5th Cir.1991). We find that the Tax Court abused its discretion in denying costs. We reverse, remand to the Tax Court for a determination of reasonable attorney fees and litigation costs, and deny sanctions.

The petitioners seek to have their litigation costs reimbursed as provided in 26 U.S.C. 7430. Recovery of litigation costs is proper when the prevailing party shows that the position of the government in the underlying litigation is not substantially justified.

FACTUAL AND PROCEDURAL BACKGROUND

Ramon and Dolores Portillo live in El Paso and own a small house painting business. The 1984 tax return filed by the Portillos reports that $10,800 was received from Mr. Navarro, a general contractor. Mr. Portillo used his receipt books to reach this figure, since Navarro had not supplied him with a timely 1099 report. When Navarro's Form 1099 was filed (in 1985) it revealed a substantial discrepancy from the information provided by the Portillos. Navarro reported that he paid $35,305 to Portillo in 1984.

During an investigation into this matter, the IRS was informed by Navarro that he could not

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

provide documentary support for the amount reportedly paid to Portillo. Despite the apparent unreliability of the 1099 reporter (Mr. Navarro), the IRS issued a notice of deficiency to the Portillos. When the Portillos requested a redetermination of the deficiency, the IRS took the position that their notice of deficiency was presumed to be correct. The burden of proving that the excess payments were not received was imposed upon the Portillos.

Predictably, the Portillos failed to overcome the heavy burden of proving nonpayment. The Tax Court ruled in favor of the IRS. The position of the government was affirmed. The Portillos sought relief by way of an appeal to this Court. That appeal resulted in a finding that the Commissioner's determination was arbitrary and erroneous. The judgment of the Tax Court regarding the issue of unreported income was reversed. *Portillo,* supra. The case was remanded for recalculation of taxes owed by the Portillos.

Upon remand, the Portillos petitioned for reimbursement of litigation costs. The Tax Court denied the motion for costs.

The Portillos now appeal the denial of litigation costs. Petitioners' motions for sanctions and additional costs of this appeal are carried with the case.

## POSITION OF IRS NOT SUBSTANTIALLY JUSTIFIED

Under Section 7430 of Title 26, a prevailing party may recover reasonable litigation costs. To qualify as a prevailing party, the tax litigant must establish that the position of the United States in the underlying litigation was not "substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i). The litigant must have "substantially prevailed" on either "the amount in controversy" or "the most significant issue or set of issues presented." 26 U.S.C. § 7430(c)(4)(A)(ii)(I). In addition, to qualify under the statute, a litigant must show that administrative remedies were exhausted.

The IRS concedes that the Portillos substantially prevailed on the most significant issue and that all administrative procedures have failed to appease the Portillos.

Therefore, the sole issue on appeal is whether the position of the United States was "substantially justified." Whether the government ultimately loses a case is not determinative of the issue of litigation costs. *Sokol v. Commissioner,* 92 T.C. 760 (1989). A position is substantially

justified if there is a reasonable basis both in law and in fact. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

We review the Tax Court determination on the issue of substantial justification for abuse of discretion. *Hanson v. C.I.R.,* 975 F.2d 1150 (5th Cir.1992).

The government argues that its position was reasonable in light of the facts of this case. The contention is that it was reasonable to attribute veracity to Mr. Navarro rather than Mr. Portillo. The government makes this argument despite the ruling in *Portillo* that this was an arbitrary and erroneous basis for a notice of deficiency. Whether Navarro made a more credible witness than Portillo is not the issue. A cursory reading of *Portillo* makes it clear that one person's word, i.e. "a naked assertion," is not sufficient support for a notice of deficiency.

"In these types of unreported income cases, the Commissioner ... [cannot] choose to rely solely upon the naked assertion that the taxpayer received a certain amount of unreported income for the tax period in question." *Portillo,* 932 F.2d at 1134. A naked assessment without any foundation is arbitrary and erroneous. *United States v. Janis,* 428 U.S. 433, 442, 96 S.Ct. 3021, 3026, 49 L.Ed.2d 1046 (1976). The previous panel of this Court held that the deficiency notice "lacked any ligaments of fact" and was "clearly erroneous" as a matter of law.[2] *Portillo,* 932 F.2d 1128, at page 1133 (5th Cir.1991). There can be no clearer indication from this Court that the government's position in relying on such an unsupported notice of deficiency was not justified. The facts of this case dictate that the denial of litigation costs was an abuse of discretion.

The government contends that the reversal of the initial Tax Court decision created a new rule. This "new rule" argument is supposed to lend credence to the reasonableness of the government's position in relying on the "old rule."

In asserting that a new rule was pronounced in this case, the government turns its back on *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). *Janis* holds that

---

[2]An amusing but insightful analogy was drawn in *Carson v. United States,* 560 F.2d 693 (5th Cir.1977) to characterize the importance of the presumption of correctness: "The tax collector's presumption of correctness has a herculean muscularity of Goliathlike reach, but we strike an Achilles' heel when we find no muscles, no tendons, no ligaments of fact." *Carson* at 696.

where "the assessment is shown to be naked and without any foundation," it is not entitled to the presumption of correctness ordinarily conferred upon a notice of tax deficiency. The inception of this holding is found in *Helvering v. Taylor,* 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, a case which was decided in 1935!

The unsubstantiated and unreliable 1099 Form submitted to the IRS by Navarro was insufficient to form a rational foundation for the tax assessment against the Portillos. This was made abundantly clear by the opinion rendered in the initial appeal. The Court found that the notice of deficiency lacked "any ligaments of fact" and that the assessment was "arbitrary and erroneous." *Portillo,* supra.

On the facts of this case, we find that the decision of the Tax Court in denying costs, to include reasonable attorney's fees, is clearly an abuse of discretion. As previously stated, the position of the United States in this litigation was not substantially justified and the Court therefore will REVERSE and REMAND this matter to determine the reasonableness of attorney's fees and costs required by appellants. The Court will decline, at this time, an award of sanctions.

REVERSED and REMANDED.