United States Court of Appeals,

Fifth Circuit.

No. 94-40661.

George S. NALLE, III and Carole Nalle and Charles A. Betts and Sylvia I. Betts, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

June 20, 1995.

Appeal from a Decision of the United States Tax Court.

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

George S. Nalle III and Carole Nalle, and Charles A. Betts and Sylvia I. Betts (the "Nalles and Betts") appeal from the Tax Court's denial of their request for an award of attorney's fees as provided by 26 U.S.C. § 7430 (1988). The Tax Court decided that the Nalles and Betts had failed to establish as required by § 7430 that the position of the Commissioner of Internal Revenue ("Commissioner") in the underlying litigation was not substantially justified. Finding no abuse of discretion, we affirm.

I

This appeal concerns the second phase of litigation between the Nalles and Betts and the Commissioner over the Commissioner's denial of rehabilitation tax credits claimed by the Nalles and Betts for the substantial rehabilitation of several houses in

1

Austin, Texas.  Pursuant to Treasury Regulation § 1.48-12(b)(5),[1] the Commissioner disallowed credits which the Nalles and Betts had claimed under 26 U.S.C. § 48 (1988)[2] because they had moved the houses prior to rehabilitating them.

The Nalles and Betts contested the Commissioner's decision. On appeal from the Tax Court,[3] this Court held the Treasury Regulation invalid because it contradicted the plain meaning of § 48. *Nalle v. Commissioner,* 997 F.2d 1134 (5th Cir.1993) [*Nalle I* ].  In doing so, we rejected the Commissioner's interpretation of and reliance on selected legislative history of § 48.  *Id.*

Having won on the merits, the Nalles and Betts petitioned the

─────────────────

[1]Regulation 1.48-12(b)(5) states that:

> A building ... is not a qualified rehabilitation building unless it has been located where it is rehabilitated for the thirty-year period immediately preceding the date physical work on the rehabilitation began in the case of a "30-year building" or the forty-year period immediately preceding the date physical work on the rehabilitation began in the case of a "40-year building."

[2]This section defines a "qualified rehabilitated building" as:

> [A]ny building (and its structural components)—
>
> (i) which has been rehabilitated;
>
> (ii) which was placed into service before the beginning of the rehabilitation;  and
>
> (iii) 75 percent or more of the existing external walls of which are retained in place as external walls in the rehabilitation process.

26 U.S.C. § 48(g)(1)(A).

[3]The Tax Court upheld the regulation.  *Nalle v. Commissioner,* 99 T.C. 187, 1992 WL 184967 (1992).

Commissioner for reimbursement of their attorney's fees. The Commissioner denied the petition, and the Tax Court upheld the Commissioner's decision. *Nalle v. Commissioner,* 67 T.C.M. (CCH) 2747, 1994 WL 146090 (1994) [*Nalle II* ]. The Nalles and Betts now appeal from the Tax Court's ruling.

## II

The Nalles and Betts contend that the district court should have granted their petition for attorney's fees. We review the Tax Court's determination of whether the Commissioner's position was not substantially justified for abuse of discretion. *Bouterie,* 36 F.3d 1361, 1367. (5th Cir.1994) Thus, we reverse " "only if we have a definite and firm conviction that an error of judgment was committed.' " *Bouterie,* 36 F.3d at 1367 (quoting *Lennox v. Commissioner,* 998 F.2d 244, 248 (5th Cir.1993)). Moreover, the burden is on the petitioner to prove that the Commissioner was not substantially justified in defending the underlying litigation. *See Lennox,* 998 F.2d at 248 ("The burden of proving no substantial justification is with the taxpayers.").

Section 7430 of the Internal Revenue Code provides that parties who prevail in tax proceedings may recover their attorney's fees. *See Bouterie v. Commissioner,* 36 F.3d 1361, 1367 (5th Cir.1994) ("Section 7430 allows a "prevailing party' ... in tax proceedings to recoup reasonable litigation costs, including attorney's fees."). Parties "prevail" if:

(1) The position of the United States in the proceeding was not substantially justified;

(2) they have substantially prevailed with respect to the

3

amount in controversy or with respect to the most significant issue or set of issues presented; and

(3) they meet applicable net worth requirements.

26 U.S.C. § 7430(c)(4)(A). The only element at issue in this case is whether the Commissioner's position was not substantially justified. Substantially justified means "justified to a degree that could satisfy a reasonable person" and having a "reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *see also Bouterie,* 36 F.3d at 1367 (noting that substantial justification equates to satisfaction to a reasonable person and reasonable basis both in law and fact); *cf. In re Graham,* 981 F.2d 1135, 1139 (10th Cir.1992) ("In order to be "substantially unjustified,' the litigation must have been initiated unreasonably, without a reasonable basis in law or in fact.").

In determining whether the Commissioner's position was not substantially justified, the question is whether the Commissioner acted unreasonably—that is, whether she knew or should have known that her position was invalid at the onset of the litigation. *See Bouterie,* 36 F.3d at 1373 (concluding that Commissioner's position was not substantially justified because IRS knew or should have known of its error before entering litigation). In answering this question of reasonableness, we consider all the facts and circumstances surrounding the dispute. *Portillo v. Commissioner,* 988 F.2d 27, 28 (5th Cir.1993). For example, courts have held that the Commissioner unreasonably defended her position after several

4

courts had rejected it,[4] when the IRS had ignored state law that clearly supported the taxpayer,[5] and when the IRS had failed to conduct a reasonable investigation that would have revealed the flaw in its position.[6] The Commissioner's loss in the underlying litigation is not determinative of whether she was not substantially justified; it is only a factor.[7] Therefore, if at

---

[4]*See, e.g., Underwood,* 487 U.S. at 569, 108 S.Ct. at 2552 (finding string of court decisions persuasive as to whether agency was substantially justified in taking a contrary position, because "a string of losses can be indicative; and even more so a string of successes"); *Allbritton v. Commissioner,* 37 F.3d 183, 184-85 (5th Cir.1994) (holding that Commissioner's position was not substantially justified when two courts of appeals and several district courts had rejected it); *Bouterie,* 36 F.3d at 1371 (finding IRS' position not substantially justified when taxpayer had provided many state court decisions demonstrating error of IRS' interpretation of state law).

[5]*See, e.g., Bouterie,* 36 F.3d at 1372-73 (rejecting IRS' position where it deliberately ignored settled law); *Hanson v. Commissioner,* 975 F.2d 1150, 1154 (5th Cir.1992) (holding that government's position was not substantially justified when deficiency claim was clearly barred by statute of limitations and taxpayer "repeatedly called the government's attention to its error"); *see also Miller v. Alamo,* 983 F.2d 856, 860 (8th Cir.1993) (holding that government's position was not substantially justified where state law clearly demonstrated error of government's position); *Pate v. United States,* 982 F.2d 457, 460 (10th Cir.1993) (holding that government not substantially justified in defending its position because proper application of state law made correctness of taxpayer's position obvious).

[6]*See, e.g., Estate of Johnson v. Commissioner,* 985 F.2d 1315, 1319-20 (5th Cir.1993) (holding that government's position was not substantially justified because all relevant information was available at onset of litigation and would have demonstrated after a reasonable investigation that taxpayer was correct); *cf. Heasley v. Commissioner,* 967 F.2d 116, 121 (5th Cir.1992) (holding that government's position on negligence penalty was not substantially justified because reasonable person would have found taxpayer not negligent).

[7]*See Lennox,* 998 F.2d at 248 ("Of course, the ultimate failure of the government's legal position does not necessarily

the onset of litigation the error was not obvious, the Commissioner may still be substantially justified in defending an ultimately unsuccessful position. *Sher v. Commissioner,* 861 F.2d 131, 135 (5th Cir.1988) (holding that government's position was substantially justified because information, both factual and judicial, available at the time gave "no reason to believe" that basis for government's position was in error). Thus, courts have held that petitioners had failed to show that the government's position was not substantially justified when judicial decisions on the issue left the status of the law unsettled,[8] or when the issue was difficult or novel.[9]

---

mean that it was not substantially justified. It is, however, a factor to be considered."); *Information Resources, Inc. v. United States,* 996 F.2d 780, 785 (5th Cir.1993) ("The government's failure to prevail on a liability issue does not mandate a determination of lack of substantial justification."); *Hanson,* 975 F.2d at 1153 ("[A]lthough the fact that the government lost in the underlying litigation does not compel an award of costs, the outcome of the lawsuit remains a factor to be considered.").

[8]*See, e.g., Heasley,* 967 F.2d at 121 (holding that petitioner had failed to show that government's position on valuation penalty was not substantially justified because legal issue "was in flux" and "IRS simply argued for one of two plausible interpretations of the statute"); *see also Sharp v. United States,* 20 F.3d 1153, 1154 (Fed.Cir.1994) (affirming finding that petitioner had not proven that no substantial justification existed where, at the time appeal was filed, two courts that had ruled on issue were split); *Marcus v. Shalala,* 17 F.3d 1033, 1037 (7th Cir.1994) ("We agree that uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position.").

[9]*See, e.g., Smith v. United States,* 850 F.2d 242, 246 (5th Cir.1988) (holding that taxpayer had not demonstrated that government's position was not substantially justified because underlying decision turned on difficult appraisal); *Griffon,* 832 F.2d at 52-53 (concluding that petitioner had not shown that

In this case, the validity of Regulation 1.48-12(b)(5) under 26 U.S.C. § 48 presented an issue of first impression. Although other courts have held that the Commissioner was substantially justified in defending her position when her interpretation of a relevant statute had not previously been ruled on,[10] this Court has held that "[w]hen Congress adopts a new law the clear and unequivocal language of which unmistakably [excludes the Commissioner's position], the absence of a new decision recognizing the obvious does not equate with unsettled law or first impression in the context of this matter." *Estate of Perry v. Commissioner,* 931 F.2d 1044, 1046 (5th Cir.1991); *see also Portillo,* 988 F.2d at

---

government's position was not substantially justified because issue of first impression was both novel and difficult); *see also In re Rasbury,* 24 F.3d 159, 168 (11th Cir.1994) (holding that district court's decision that taxpayer had not met burden of showing that Commissioner's position was not substantially justified was not abuse of discretion when questions at issue were difficult for court to determine); *TKB Int'l, Inc. v. United States,* 995 F.2d 1460, 1468 (9th Cir.1993) (affirming denial of attorney's fees where the "government's arguments both at trial and on appeal are based on supportable interpretations of federal tax statutes and case law."); *Zinniel v. Commissioner,* 883 F.2d 1350, 1357-58 (7th Cir.1989) (holding that government's position was reasonable where new statute gave "incomplete directions with respect to the manner in which [compliance with statute was] to be made" and underlying decision required complex analysis of statute, legislative history and regulations), *cert. denied,* 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990).

[10]*See TKB Int'l,* 995 F.2d at 1468 (holding that litigation of question of first impression was substantially justified); *Stebco Inc. v. United States,* 939 F.2d 686, 688 (9th Cir.1990) (holding that taxpayer not entitled to attorney's fees because issue was "a question of first impression"); *Trahan v. Brady,* 907 F.2d 1215, 1219 (D.C.Cir.1990) (holding that government's position was substantially justified when it used plausible interpretation of statute and had not had "the advantage of this Court's subsequent pronouncement on the actual meaning of the law").

29 (rejecting reliance on "new rule" argument where Commissioner's decision to assess tax was " "naked and without any foundation' ") (quoting *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976)). Accordingly, if a regulation obviously altered the scope of the relevant statute, the Commissioner should have known that such a regulation was invalid.[11] Also, if a regulation was "manifestly contrary" to the plain meaning of the relevant statute, *Marcus,* 17 F.3d at 1038,[12] the Commissioner would not be substantially justified in defending it. We have found the language of a statute to be "clear and unequivocal" on an issue of first impression, such that the Commissioner's interpretation of that statute was clearly unreasonable, only where the Commissioner's interpretation " "lacked any ligaments of fact' and was "clearly erroneous' as a matter of law." *Portillo,* 988 F.2d at 29; *see also Hanson,* 975 F.2d at 1155 ("The issue in this case was clear as light shining on water."); *accord Beaty v. United States,* 937 F.2d 288, 292-93 (6th Cir.1991) (holding that government's position not substantially justified because "[n]one of the

---

[11]*See Commissioner v. Acker,* 361 U.S. 87, 92-94, 80 S.Ct. 144, 147-48, 4 L.Ed.2d 127 (1959) (holding regulation invalid when it added restriction for which the law did not provide); *accord Iglesias v. United States,* 848 F.2d 362, 366 (2d Cir.1988) ("A regulation, however, may not serve to amend a statute, or to add to the statute "something which is not there.' " (citations omitted)); *id.* at 367 (holding that regulation amended statute because it altered the scope of the statute).

[12]*See also City of Tucson v. Commissioner,* 820 F.2d 1283, 1290 (D.C.Cir.1987) (rejecting regulation that "forged, not a reasonable implementation of the legislative mandate, but rather an impermissible enlargement by an unnatural construction of the statutory language").

8

arguments offered by the IRS during the various stages of the litigation had even a chance of succeeding").

The Nalles and Betts argue that this is one of those cases—that is, that § 48's language was clear and unequivocal and that the Commissioner's position was so clearly contrary to that language that its invalidity should have been obvious.  In *Nalle I*, this Court held that the Commissioner's interpretation of § 48 was "logical[ly] incoherent," 997 F.2d at 1139, and stated that:

> The Commissioner cannot explain away th[e] ultimate incompatibility of his regulation with the statute by reference to the legislative history;  where a plain reading of the statute precludes the Commissioner's interpretation, no legislative history—be it ever so favorable—can redeem it.

*Id.* at 1140.  Consequently, we rejected the Commissioner's reliance on the legislative history.  *Id.* Given this Court's findings in *Nalle I,* the Nalles and Betts accordingly argue that the Tax Court abused its discretion in finding that they had failed to prove that the government's position had a unreasonable basis and consequently was not substantially justified.

The Commissioner responds that, although this court in *Nalle I* rejected her interpretation of § 48, we did not hold that her interpretation as promulgated in Regulation 1.48-12(b)(5) had no basis in the legislative history.  Indeed, we noted that:

> [T]he Tax Court's conclusion that the ... regulation vindicated the statute's intent to revitalize depressed areas, stated most forcefully in the legislative history appended to the 1981 amendments, is not entirely without foundation; Congress undoubtedly considered the bill's revitalizing potential as among its more attractive features.

*Id.* at 1137-38.  Nevertheless, we rejected her interpretation in favor of "[a] better reading of the legislative history" and the

9

plain wording of the statute.  *Id.* at 1138.

Based on these holdings in *Nalle I,* the Tax Court determined that the legislative history gave enough support to the Commissioner's interpretation of § 48 to make her defense of Regulation 1.48-12(b)(5) reasonable:  "Given the gradual development of the law respecting eligibility for the investment tax credit for rehabilitation costs under section 48 and the known facts concerning petitioners' activities, we conclude that it was reasonable for [the Commissioner] to both enforce [the regulation] and defend its validity in this case."  *Nalle II,* 67 T.C.M. at 2750, 1994 WL 146090.

The Nalles and Betts suggest that the holdings in *Nalle I* require us to hold that the Tax Court abused its discretion because reliance on a regulation that conflicts with the plain language of a federal statute is necessarily unreasonable.  However, whether the Tax Court abused its discretion in denying attorney's fees turns not on the *existence* of a conflict between the regulation and the statute, but on how *obvious* that conflict was at the onset of litigation.  *Cf. Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1089 (D.C.Cir.1986) (discussing varying degrees of invalidity of agency action, "including sensible but legally flawed actions as well as outrageous ones");  *Trahan,* 907 F.2d at 1220 (noting that "mere failure to conform" to statute did not mandate unreasonableness finding unless "patently unreasonable agency action");  *Griffon v. United States Dept. of Health and Human Services,* 832 F.2d 51, 52 (5th Cir.1987) ("Merely because the

government's underlying action was held legally invalid as being "arbitrary and capricious' does not necessarily mean that the government acted without substantial justification...."). Simply put, our adopting of the Nalles and Betts' proposition would collapse Congress' explicit distinction between the legal standard applicable in fee petition evaluations and the standard applicable to the underlying merits, and we decline the invitation to adopt their suggestion.

In this case, although the Commissioner's reliance on selected legislative history of § 48 was in error, her interpretation of § 48 was "not entirely without foundation." *Nalle I,* 997 F.2d at 1137.[13] Consequently, we hold that the Tax Court did not abuse its discretion in finding that "the disputed regulation is not manifestly in conflict with § 48" and that the Nalles and Betts had failed to demonstrate that the Commissioner was not substantially justified in defending Regulation 1.48-12(b)(5).[14]

---

[13]Accordingly, while the Commissioner's use of legislative history may have been " "the equivalent of entering a crowded cocktail party and looking over the heads of the guests for one's friends,' " *Nalle I,* 997 F.2d at 1137 (quoting *Conroy v. Aniskoff,* --- U.S. ----, ----, 113 S.Ct. 1562, 1567, 123 L.Ed.2d 229 (1993)), the legislative history in this case yielded several friends and no one in the crowd was actively hostile.

[14]*Compare Portillo,* 988 F.2d at 29 (reversing Tax Court's judgment in government's favor where underlying opinion held that assessment did not provide a rational foundation for government's position); *Mearkle v. Commissioner,* 838 F.2d 880, 883 (6th Cir.1988) (holding that "the Commissioner cannot be said to have reasonably relied upon a proposed regulation which he knew, or should have known, was patently invalid").

Because we maintain the requirement that the Commissioner have some rational basis for her regulations even on issues of first impression, we avoid the Nalles and

11

## III

For the foregoing reasons, we AFFIRM the judgment of the Tax Court.[15]

---

Bettses' dire prediction that the first challenge to any regulation will be "free of charge" to the Commissioner no matter how egregious the regulation. *See Mearkle,* 838 F.2d at 883 (rejecting position under which "the Commissioner could thwart the intent of Congress through the device of promulgating a proposed regulation which has no reasonable support in the unambiguous statute upon which it is said to be based, but instead, is manifestly in conflict with that statute").

[15]Given that we base our conclusion on the statute and legislative history, we do not reach either (1) the Nalles and Bettses' arguments that the Tax Court improperly relied on whether the Commissioner acted in good faith or (2) the Commissioner's contentions that she was substantially justified in defending her position because she relied on a final regulation rather than a proposed regulation.