CHARLES EDWARD SENTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Senter v. Comm'r
Docket No. 9404-94 United States Tax Court
T.C. Memo 1995-311; 1995 Tax Ct. Memo LEXIS 308; 70 T.C.M. (CCH) 54; July 13, 1995, Filed *308 Decision will be entered for petitioner. Charles Edward Senter, pro se. For respondent: Mary Kay McIlyar. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6654
1987
$ 6,403
$ 1,601
$ 320
50 percent of the
$ 346
interest due on
$ 6,403
Additions to Tax Year
Deficiency
Sec. 6651
Sec. 6653(a)
Sec. 6654
1988
$ 6,662
$ 1,666
$ 333
$ 426
1989
6,836
1,709
-- 462
Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6654
1990
$ 6,928
$ 1,732
$ 456
1991
7,238
1,810
416
The issues we must decide are whether these determinations are entitled to the normal presumption of correctness, and if not, who bears the burden of proof. Petitioner resided in Dallas, Texas, at the time the petition was filed. Petitioner appeared at the time set for trial, but chose not to testify and no other witnesses were called by either party. [1] As a result, the case was submitted on the following stipulated facts. *309 On January 31, 1992, Internal Revenue Agent Betty Ramsey wrote to petitioner stating: We have no record of receiving your tax returns for the years 1987, 1988, 1989, and 1990. If you have filed these returns, please forward a copy of each of these returns within ten days in the enclosed envelope. If you have not filed returns for these years, we are not soliciting the returns. We are merely trying to make a determination as to whether you were required to file these returns. Because I will need additional information to make a determination as to whether any of these returns should be filed, I am scheduling a second appointment with you at 8:30 a.m., on February 19, 1992, at 900 St. Paul, Richardson, Texas, Room 210. Since you missed the December 5, 1991, scheduled appointment at my office, I will expect to see you on February 19, 1992. Please direct any correspondence to the address shown above. If you have any questions please call me at (214) 655-3557.
On February 14, 1992, petitioner sent the following response to Ms. Ramsey. I received your letter dated January 31, 1992. You have requested that I meet with you on February 19, 1992. Also, you have stated *310 that you need "additional information". You do not state what legal obligation I have to attend this meeting. Furthermore, I cannot give any information without the assistance of Counsel. Since, at this time, I cannot afford counsel, I will not be able to attend your meeting.
On December 8, 1992, an Internal Revenue Service Summons (Form 2039) was served on petitioner requiring him to appear before Internal Revenue Agent Prasat Visoon on January 4, 1993, to give testimony and to provide information necessary to complete his 1987 through 1991 returns. The summons specifically called for the production of the following: 1. Copies of all Forms W-2's or 1099's received in 1987, 1988, 1989, 1990, & 1991. 2. All bank statements, deposit slips and cancelled checks (both business and personal) for the inclusive periods December 1986 through January 1992. 3. All savings account passbooks or statements, certificates of deposit, money market certificates. Also information concerning other invested funds such as stock purchases or sales, or bond holdings, for the inclusive periods January 1987 through December 1991. 4. All books, journals, ledgers, and summaries concerning *311 your income, expenses, and deductions for years 1987 through 1991. 5. Records for all loans (both business and personal) received during the years under examination. (1987 through 1991) 6. Records concerning all loan payments made during the years under examination. (1987 through 1991) 7. Purchase invoices and/or closing statements covering acquisitions of capital items acquired during the years under examination. This includes both real and personal property (1987 through 1991) 8. Information on any nontaxable income received during the years under examination. (1987 through 1991)
On January 4, 1993, petitioner appeared before Agents Visoon and Floyd Summers and objected to the production of the information required by the summons and asserted his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, plus any other rights that he might have. No summons enforcement action was filed in the United States District Court to require petitioner to comply with the summons. The notices of deficiency for the years in issue were mailed to petitioner on March 7, 1994. The explanation of adjustments in the notices of deficiency contains the following *312 information: In the absence of adequate records, your taxable gross receipts have been computed on the basis of your prior earnings record in conjunction with the Consumer Price Index (CPI). Since you neglected to file income tax returns for the taxable years, your taxable income is increased as computed below: 1987
1988
1989
1990
Base year income-1984
$ 22,710 $ 22,710
$ 22,710
$ 22,710
x CPI increase
1.082454
1.11314
1.14573
1.19942
Gross income
$ 24,583 $ 25,279
$ 26,020
$ 27,239
1991
Base year income-1984
$ 22,710
x CPI increase
1.25407
Gross income
$ 28,480
From the sparse facts presented by the record, it is apparent that there was no evidence presented by either party regarding whether petitioner had taxable income during the years in issue. Indeed, the only facts before us relate to the events leading up to the notices of deficiency and respondent's method of computing the deficiencies. Under these circumstances, the presumption of correctness that normally attaches to the notice of deficiency and the proper allocation of the burden of producing evidence and the burden of proof become critical. [2]
*313 When a taxpayer contests a tax that has been determined by the Commissioner, the burden of proof is ordinarily on the taxpayer to show that the Commissioner's determination is in error. Rule 142(a) ; [3]Welch v. Helvering, 290 U.S. 111 (1933). The party with the burden of proof will normally have the initial burden of producing evidence. Failure to produce sufficient evidence from which the trier of fact could reasonably find in favor of the party with the burden of proof would normally require judgment against that party. However, if sufficient evidence is presented to make out a prima facie case, i.e., one where the trier of fact could rationally find in favor of the party with the burden of proof, the burden of going forward with producing evidence is said to shift to the other party. If the party to whom the burden of producing evidence has shifted fails to offer additional evidence, he risks losing. [4] Notwithstanding that the burden of producing evidence can shift, we have held that "the taxpayer's burden of proof generally never shifts". Borchers v. Commissioner, 95 T.C. 82, 90 (1990) (emphasis in original), *314 affd. 943 F.2d 22 (8th Cir. 1991). Working in tandem with the burden of proof is the presumption of correctness that is generally given to the Commissioner's notice of deficiency. Thus, it has been stated: In essence the taxpayer's burden of proof and the presumption of correctness are for the most part merely opposite sides of a single coin; they combine to require the taxpayer to prove by a preponderance of the evidence the the Commissioner's determination was erroneous. [ Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991), *315 affg. in part and revg. in part T.C. Memo. 1990-68; citations omitted.]
The Commissioner's determination is generally presumed correct, until the taxpayer produces evidence establishing that the determination is arbitrary and erroneous. This normally requires the taxpayer to produce evidence concerning the disputed transactions, because this Court generally will not look behind a notice of deficiency to examine it for the motives or methods which were used by respondent in arriving at the deficiency determination. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974). However, an exception to this general rule is recognized by several courts of appeals for situations where the Commissioner determines that the taxpayer received income that was not reported on the taxpayer's return. The rationale for this exception is based on the recognized difficulty that the taxpayer bears in proving the nonreceipt of income. See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 (5th Cir. 1995), affg. in part, revg. in part, and remanding in part T.C. Memo. 1992-168; Portillo v. Commissioner, 932 F.2d at 1133, 1134 (5th Cir. 1991); *316 Anastasato v. Commissioner, 794 F.2d 884 (3d Cir. 1986), vacating T.C. Memo. 1985-101. The instant case is appealable to the Court of Appeals for the Fifth Circuit. In Portillo, the Court of Appeals for the Fifth Circuit addressed the issue of whether the Commissioner's determination of unreported income should be given the normal presumption of correctness. The Court of Appeals recognized that "Justification for the presumption of correctness lies in the government's strong need to accomplish swift collection of revenues and in the need to encourage taxpayer recordkeeping", but cautioned that this governmental need "does not serve to excuse the government * * * from providing some factual foundation for its assessments." Portillo v. Commissioner, 932 F.2d at 1133. The opinion went on to state: Several courts, including this one, have noted that a court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence supporting its determination. Carson, 560 F.2d at 696; *317 Anastasato, 794 F.2d at 887; Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979) ; Pizzarello v. United States, 408 F.2d 579 (2d Cir.), cert. denied, 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450 (1969). Although a number of these cases involved unreported illegal income, given the obvious difficulties in proving the non-receipt of income, we agree with the Third Circuit that this principle should apply whether the unreported income was allegedly obtained legally or illegally. See Anastasato, 794 F.2d at 887. [ Portillo v. Commissioner, 932 F.2d at 1133; fn. ref. omitted.]
In Portillo, the Court of Appeals concluded that the Government had failed to present evidence supporting its determination and "since the Commissioner failed to substantiate his charge that Portillo received cash payments * * *, the deficiency determination is clearly arbitrary and erroneous." Id. at 1134. After the Court of Appeals for the Fifth *318 Circuit rendered its decision, the Portillos filed a motion for litigation costs, which this Court denied. Portillo v. Commissioner, T.C. Memo. 1992-99, revd. 988 F.2d 27 (5th Cir. 1993). The Court of Appeals for the Fifth Circuit reversed. In doing so, the court elaborated on what type of evidence the Commissioner was required to produce to be entitled to the presumption of correctness. "In these types of unreported income cases, the Commissioner * * * [cannot] choose to rely solely upon the naked assertion that the taxpayer received a certain amount of unreported income for the tax period in question." Portillo, 932 F.2d at 1134. A naked assessment without any foundation is arbitrary and erroneous. United States v. Janis, 428 U.S. 433, 442, 96 S.Ct. 3021, 3026, 49 L.Ed.2d 1046 (1976). The previous panel of this Court held that the deficiency notice "lacked any ligaments of fact" and was "clearly erroneous" as a matter of law. POrtillo, 932 F.2d 1128, at page 1133 (5th Cir. 1991). There can be no clearer *319 indication from this Court that the government's position in relying on such an unsupported notice of deficiency was not justified. * * * [ Id., 988 F.2d at 29; fn. ref. omitted.]
We note that in Portillo, the Commissioner had presented testimony of an individual (Navarro) who asserted that he had paid the disputed amount of income to Mr. Portillo, and Mr. Portillo admitted that he had failed to report some income from this source, but only to the extent the payor's testimony was corroborated by canceled checks. In defending against the Portillos' claim for litigation costs, the Commissioner argued that it was not unreasonable to have relied upon the credibility of the payor's statement. Indeed, the Special Trial Judge in this Court had found the testimony of the payor (Navarro) to be more credible than the testimony of Mr. Portillo. See Portillo v. Commissioner, T.C. Memo. 1990-68. In response, the Court of Appeals stated: The government argues that its position was reasonable in light of the facts of this case. The contention is that it was reasonable to attribute veracity to Mr. Navarro rather than Mr. Portillo. *320 The government makes this argument despite the ruling in Portillo that this was an arbitrary and erroneous basis for a notice of deficiency. Whether Navarro made a more credible witness than Portillo is not the issue. A cursory reading of Portillo makes it clear that one person's word, i.e. "a naked assertion," is not sufficient support for a notice of deficiency. [ Portillo v. Commissioner, 988 F.2d at 28-29.]
If the uncorroborated testimony of a witness who asserts that he paid money to a taxpayer is viewed as "a naked assertion" that is insufficient to support the presumption of correctness, it must logically follow that the presumption of correctness will not be given to a determination of unreported income that is not supported by any evidence. Indeed, the Court of Appeals for the Fifth Circuit recently stated: A determination of deficiency issued by the Commissioner is generally given a presumption of correctness, which operates to place on the taxpayer the burden of producing evidence showing that the Commissioner's determination is incorrect. Several courts have recognized, however, that they need not give effect to the presumption *321 of correctness and may instead shift the burden from the taxpayer to the Commissioner when the notice of deficiency is determined to be arbitrary or excessive. In these cases, the notice of deficiency involved a determination of unreported income, whether from legal sources, as in Portillo, or from illegal sources, as in Jackson.
We have previously recognized that the reason behind the burden-shifting principle in an unreported income case is that the taxpayer bears the difficult burden of proving the non-receipt of income. The Commissioner's determination in such a case necessarily involves reconstructing income that should have been reported, potentially leading to questionable results. If the Commissioner does not substantiate the notice's determination with some predicate evidence, therefore, the taxpayer should be relieved of the burden of going forward with the evidence. * * * [ Sealy Power, Ltd. v. Commissioner, 46 F.3d at 386; fn. refs. omitted.]
We interpret the opinions of the Court of Appeals for the Fifth Circuit to mean that the Commissioner's determination of unreported income will not be accorded the presumption of correctness *322 unless the Commissioner provides some "predicate evidence" supporting her determination that the taxpayer received unreported income. [5] *323 We have found that there was no evidence presented by either party regarding whether petitioner had taxable income during the years in issue. [6] Indeed, based on the explanation in respondent's notices of deficiency, her determination appears to have been based solely on the assertion that petitioner filed no returns for the years 1987 through 1991 and on an income calculation for each year based on petitioner's income in 1984, which respondent increased by using the CPI. [7] Because respondent produced no predicate evidence supporting the determination that petitioner received income during the years in issue, respondent's determination must be held arbitrary and erroneous. [8]
*324 Having found that respondent's determination was arbitrary and erroneous, we must now address whether this requires that we hold for petitioner. Since no evidence was produced to show whether or not petitioner had unreported income, the answer depends on which party bears the burden of proof or the ultimate burden of persuasion. Previously, we noted that while the burden of production often shifts, we have held that the burden of proof generally never shifts. Borchers v. Commissioner, 95 T.C. at 90. Nevertheless, there appears to be some disagreement among the circuits as to the circumstances in which the burden of proof might be shifted to the Commissioner. As the Court of Appeals for the Third Circuit observed: Courts differ on whether the burdens of production and persuasion can be shifted to the Commissioner. Most agree that if the presumption [of correctness] drops out the burden of going forward shifts to the Commissioner. However, some courts have stated that at this point the ultimate burden of persuasion, or risk of nonpersuasion, remains on the taxpayer. See Higginbotham v. United States, 556 F.2d 1173, 1176 (4th Cir. 1977); *325 United States v. Rexach, 482 F.2d 10 (1st Cir.), cert. denied, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); Sullivan, 618 F.2d at 1008. Other courts, however, have indicated that in unreported income cases the ultimate burden shifts to the Commissioner. See Keogh v. Commissioner, 713 F.2d 496, 501 (9th Cir. 1983); United States v. Stonehill, 702 F.2d at 1294; Stout v. Commissioner, 273 F.2d 345, 350 (4th Cir. 1959). In 1976, the Supreme Court noted, but did not reconcile, this conflict in the circuits. See United States v. Janis, 428 U.S. at 442, 96 S.Ct. at 3026. [ Anastasato v. Commissioner, 794 F.2d at 887.]
The Court of Appeals for the Fifth Circuit held in Portillo v. Commissioner, 932 F.2d at 1133, that once it is "established that the assessment is arbitrary and erroneous, the burden shifts to the government to prove the correct *326 amount of any taxes owed." (Emphasis added.) In Portillo, the Commissioner's failure to produce the required predicate evidence to support the notice of deficiency resulted in a decision in the taxpayer's favor. Id. at 1134. We conclude that the rule in the Fifth Circuit Court of Appeals is that once the presumption of correctness disappears, the Commissioner bears the burden of proof. Since respondent produced no predicate evidence supporting her determination that petitioner received income during the years in issue, and because venue for appeal lies to the Court of Appeals for the Fifth Circuit, we must hold for petitioner. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Decision will be entered for petitioner.
Footnotes
1. Petitioner's brief suggests that his failure to testify may have been based on his perception of his constitutional rights. However, the validity of any such rights was never put in issue, and we express no opinion on this point.↩
2. When this case was called for trial, petitioner filed a motion to shift the burden of proof to respondent. We declined to rule on petitioner's motion at that time and instructed the parties to proceed to trial and present whatever evidence they wished to offer in support of their respective positions. As previously stated, neither party presented any testimony. Both chose to submit the case on the basis of the pleadings and a brief stipulation of facts.↩
3. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
4. It remains possible to find against the party with the burden of proof, even in instances where that party has offered sufficient evidence to make out a prima facie case, if that evidence fails to convince the trier of fact.↩
5. A requirement that the Commissioner come forward with some predicate evidence before the presumption of correctness attaches, exists in some form in other circuits. See, e.g., Silliams v. Commissioner, 999 F.2d 760, 764 (4th Cir. 1993), affg. T.C. Memo. 1992-153; Blohm v. Commissioner, 994 F.2d 1542, 1548-1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636; Day v. Commissioner, 975 F.2d 534, 537 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-140; Erickson v. Commissioner, 937 F.2d 1548, 1551 (10th Cir. 1991), affg. T.C. Memo. 1989-552; Zuhone v. Commissioner, 883 F.2d 1317, 1326-1327 (7th Cir. 1989), affg. T.C. Memo. 1988-142; Llorente v. Commissioner, 649 F.2d 152, 156 (2d Cir. 1981), affg. in part and revg. in part 74 T.C. 260 (1980); Weimerskirch v. Commissioner, 596 F.2d 358, 361 (9th Cir. 1979), revg. 67 T.C. 672 (1977); Gerardo v. Commissioner, 552 F.2d 549, 554 (3d Cir. 1977), affg. in part, revg. in part, remanding T.C. Memo. 1975-341; Dellacroce v. Commissioner, 83 T.C. 269 (1984); Jackson v. Commissioner, 73 T.C. 394↩ (1979).
6. No evidence was presented to show that petitioner was engaged in an income-producing activity during the years 1987 through 1991, nor is there any evidence that respondent's determination was based on information concerning petitioner's alleged income-producing activities during the years in issue.↩
7. Except for the explanation in the notices of deficiency, there is no evidence showing the basis for respondent's computation of petitioner's income. On brief, respondent states: Respondent determined petitioner's taxable income for the taxable years 1987, 1988, 1989, 1990, and 1991 by applying the Consumer Price Index (CPI) to the taxable income reflected on petitioner's 1984 income tax return, his last filed income tax return.↩
8. Respondent argues that her determination was reasonable in light of petitioner's failure to provide information. But, as held in Weimerskirch (which was relied on in Portillo), the taxpayer's failure to testify does not allow the Commissioner to rely on the presumption of correctness in the absence of a minimal evidentiary foundation. Weimerskirch v. Commissioner, 596 F.2d at 361. Respondent also argues that the very method used for determining petitioner's unreported income was sanctioned in Moore v. Commissioner, 722 F.2d 193, 196 (5th Cir. 1984), affg. T.C. Memo. 1983-20. Moore preceded Portillo. Based on our interpretation of the holding of the Court of Appeals in Protillo v. Commissioner, Moore cannot be relied upon in order to give the Commissioner's determination the presumption of correctness where the Commissioner produces no predicate evidence supporting the determination. We also note that there appears to have been no dispute that the taxpayer in Moore was engaged in an income-producing profession, and the taxpayer stipulated that if he were a person liable for income tax, the amounts determined by the Government were correct. In Moore↩, the taxpayer appears to have been contesting what he considered legal issues rather than questioning the underlying factual basis for respondent's determination.