T.C. Memo. 1997-28

UNITED STATES TAX COURT

RICHARD T. WALLACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22124-94.                    Filed January 15, 1997.

Richard T. Wallace, pro se.

<u>Virginia L. Hamilton</u>, for respondent.

MEMORANDUM OPINION

SCOTT, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for 1990 through 1993 as follows:

|       |            | Additions to Tax | |
|-------|------------|-------------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654 |
| 1990  | $5,472     | $1,368            | ---       |
| 1991  | 5,675      | 1,419             | $324      |
| 1992  | 5,869      | 1,467             | 256       |
| 1993  | 6,124      | 612               | 257       |

The issues for decision are: (1) Whether petitioner received taxable income in the amounts determined by respondent during the years 1990 through 1993; (2) whether petitioner is liable for self-employment taxes for each of the years 1990 through 1993; (3) whether petitioner is liable under section 6651(a) for the additions to tax for failure to file Federal income tax returns for each of the years 1990 through 1993; and (4) whether petitioner is liable under section 6654 for the additions to tax for failure to make estimated tax payments for each of the years 1991 through 1993.

This case was submitted with the facts fully stipulated under Rule 122. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. The pertinent facts are summarized below.

Petitioner resided in Boulder, Colorado, at the time his petition was filed in this case. He filed no Federal income tax

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

returns and paid no Federal income taxes for 1990, 1991, 1992, and 1993.

### 1. Determination of Taxable Income

Petitioner failed to provide any information as to the amount or source of his income for the years 1990 through 1993. During those years he was self-employed in the business of selling hearing aids and giving hearing tests. He had been in such business for about 20 years. Petitioner admitted during an investigation by the Colorado Consumer Protection Office that between July 1992 and January 1994, he had at least six business transactions in Colorado. He also admitted that he transacted most of his business in States other than Colorado and in six foreign countries, but he refused to disclose any information relating to such business.

Petitioner provided some support for his wife, Martha Wallace, during the years 1992 and 1993.

In determining the amounts of petitioner's income for the years 1990 through 1993, respondent used data obtained from the U.S. Department of Labor, Bureau of Labor Statistics, which detailed what it would cost a family of four to live, taking into account food, housing, transportation, medical care, personal care, and taxes. These figures were adjusted to one person, based on the Bureau of Labor Statistics Survey of Consumer Expenditures. Respondent subtracted all taxes contained in the Bureau of Labor Statistics determination of necessary expenses.

Respondent then took the adjusted expenditures for one person and applied the Consumer Price Index based on the Denver area to determine the necessary income for petitioner to live on during 1990 through 1993. Thus, the Bureau of Labor Statistics method resulted in determined income of $22,034 for 1990, $22,886 for 1991, $23,733 for 1992, and $24,738 for 1993.

Section 61 provides, in part, that gross income means income derived from business and as compensation for services. Section 63(b) provides that, in the case of an individual who does not elect to itemize deductions, the term "taxable income" means adjusted gross income minus the standard deduction and the deduction for personal exemptions. Section 63(c) provides the amount of the basic standard deduction for the years 1990 through 1993 for an individual married and filing separately. Respondent allowed petitioner these deductions.

Section 151 provides for a personal exemption. Petitioner presented no evidence that he is entitled to claim any exemption other than for himself.

Petitioner was required to maintain books and records sufficient to establish the amount of his gross income. Sec. 6001; DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992). He failed to do so. Therefore, respondent was authorized to compute petitioner's income by any method that clearly reflected income. Sec. 446(b); Holland v. United States, 348 U.S. 121 (1954). Any such reconstruction of

income need only be reasonable in light of all surrounding facts and circumstances. Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970). The Commissioner is given wide latitude in determining which method of reconstruction to apply when a taxpayer fails to maintain adequate books and records. Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989).

In this case petitioner neither filed Federal income tax returns for the years in issue nor provided information with respect to his business income. Respondent, however, linked petitioner to his self-employed business of selling hearing aids and administering hearing tests, and determined from third-party sources that petitioner received taxable income for the years in issue. In these circumstances respondent had broad latitude in using the method based on the Bureau of Labor Statistics expenditures to determine petitioner's income. That method was specifically approved by this Court in Giddio v. Commissioner, 54 T.C. at 1533. There we sustained the Commissioner's determination of a taxpayer's deficiency computed by using Bureau of Labor Statistics data showing the normal cost of supporting a family in the locality where he lived in order to arrive at taxable income.

We disagree with petitioner's primary contention that respondent's determination is arbitrary and excessive and that therefore respondent bears the burden of proving that he had taxable income.

The Commissioner's deficiency determination is generally afforded a presumption of correctness. United States v. Janis, 428 U.S. 433, 441-442 (1976); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, in nonfiler cases, such as this one, there are decisions holding that the Commissioner cannot sustain a deficiency determination or assessment unless there is some predicate evidence showing that the taxpayer received income from the charged activity. United States v. Janis, supra at 442; Anastasato v. Commissioner, 794 F.2d 884, 887 (3d Cir. 1986); Gerardo v. Commissioner, 552 F.2d 549, 554 (3d Cir. 1977); see also Dellacroce v. Commissioner, 83 T.C. 269 (1984). The evidentiary foundation need only be minimal. Weimerskirch v. Commissioner, 596 F.2d 358, 361 (9th Cir. 1979).

Petitioner has incorrectly asserted that respondent has presented no such evidence. As previously indicated, the evidence links petitioner to an income-producing activity. It also shows that he carried on his hearing aid business in Colorado and other States and in foreign countries. In view of these facts and circumstances, we conclude that respondent's determination has not been shown to be either arbitrary or excessive. The burden of proving error in the determination remained with petitioner. He failed to carry it.

Petitioner's reliance on Senter v. Commissioner, T.C. Memo. 1995-311, is misplaced. In Senter the Commissioner produced no predicate evidence that the taxpayer received unreported income

for the years at issue. That is not the situation here. The cases of <u>Scar v. Commissioner</u>, 814 F.2d 1363 (9th Cir. 1987), and <u>Couzens v. Commissioner</u>, 11 B.T.A. 1040 (1928), cited by petitioner, are inapposite.

Accordingly, we hold that petitioner received taxable income in the amounts determined by respondent for the years 1990 through 1993.

2. <u>Self-employment Taxes</u>

Section 1401 imposes a tax on the "the self-employment income" of every individual. In general, self-employment income consists of "the net earnings derived by an individual (other than a nonresident alien) from a trade or business carried on by him as sole proprietor", less allowable deductions and certain exclusions. Sec. 1402(a); sec. 1.1401-1(c), Income Tax Regs.

Petitioner presented no evidence contesting respondent's determination that he is subject to self-employment tax under section 1401. Therefore, we hold that petitioner is liable for self-employment taxes in the amounts determined by respondent for the years 1990 through 1993.

3. <u>Section 6651(a)(1) Additions to Tax</u>

For each year in issue respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for his failure to file a Federal income tax return. Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax if the failure to file is for

not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect.

There is no evidence in the record that suggests that petitioner's failure to file a Federal income tax return for any year in issue was due to reasonable cause and not due to willful neglect. It was petitioner's burden to produce such evidence, Rule 142(a), and this he has failed to do. Consequently, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6651(a)(1) for the years 1990 through 1993.

4. Section 6654 Additions to Tax

For the years 1991 through 1993 respondent determined that petitioner is liable for the additions to tax under section 6654 for his failure to make estimated tax payments. Section 6654 provides for an addition to tax if estimated taxes are underpaid. It contains no provision relating to reasonable cause and lack of willful neglect. Because petitioner failed to make any estimated tax payments for each of the years 1991 through 1993, respondent's determination is sustained. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

To reflect the foregoing,

Decision will be entered for respondent.