**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY LEE NIPPER, separately
and as trustee for the Proprietor
Property Trust; THOMAS EUGENE
NIPPER, as trustee for the Proprietor
Property Trust and as nominee of
Timothy Lee Nipper,

Defendants-Appellants,

and

MELLON MORTGAGE COMPANY,
as mortgagee,

Defendant.

No.  00-5057
(D.C. No. 98-CV-526-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants challenge the district court's rulings in favor of the government, plaintiff below. The government brought suit in district court on income tax assessments against Timothy Nipper for tax years 1981 through 1986, seeking to set aside certain real property conveyances and foreclose on the property pursuant to pending tax liens. Timothy and Thomas Nipper each answered the suit individually, but no answer was filed on behalf of the Proprietor Property Trust. The district court granted default judgment against the trust, declaring its interest in the property foreclosed. The government also moved for summary judgment against the Nippers, but the Nippers failed to respond. After the district court granted summary judgment to the government, the Nippers filed a motion pursuant to Fed. R. Civ. P. 59 to vacate that ruling, arguing that the government had not provided sufficient evidentiary support for its tax assessments against Timothy Nipper under an unreported income exception. The district court denied the Rule 59 motion largely on the basis that the Nippers had failed to respond to the government's summary judgment motion, and without acknowledging the exception. This appeal followed.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. The standards of review applicable here depend on the basis of the district court's ruling. Although the government argues that the district court deemed the matter confessed because the Nippers failed to respond to the government's motion for summary judgment, we disagree. While noting its apparent authority under its own local rules to enter the relief requested where a party fails to respond to a motion, the district court stated that it had "nevertheless conducted an independent inquiry," concluding that the government's motion for summary judgment "must be granted." Rec. Vol. I, doc. 33, at 2. We conclude this ruling was a grant of summary judgment on the merits, a decision which is reviewed de novo, applying the same standards as would the district court pursuant to Fed. R. Civ. P. 56(c). *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). The district court's denial of the Nippers' Rule 59 motion, however, is reviewed for an abuse of discretion. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).

On appeal, the Nippers contend that, contrary to a recognized exception to the usual presumption of correctness afforded tax assessments, the government prevailed despite its failure to present the required minimal evidentiary

foundation for the assessments. [1]  This evidentiary foundation "may consist of evidence linking the taxpayer with an income-producing activity such that it can be inferred that the taxpayer received income from the activity, or it may consist of evidence showing an ownership interest in assets possessed by the taxpayer." *Sundel v. Comm'r*, 75 T.C.M. (CCH) 1853, 1856 (1998) (citations omitted).  Our review of the evidence supporting the government's tax assessments convinces us that the Nippers are correct; the government has not met this minimal burden to satisfy the unreported income exception.

The totality of the evidence supporting the assessments against Timothy Nipper are statements which appear in two schedules attached to the Notice of Deficiency underlying the assessments.  The first is: "Based on information gathered concerning Uptown Trash Service during 1985 and 1986, it has been

---

[1]  This court has summarized the exception as follows:

> In a suit brought by the government to collect taxes resulting from unreported income, the government generally establishes a prima facie case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises.  A presumption of correctness attaches to the Commissioner's assessment, once some substantive evidence is introduced demonstrating that the taxpayer received unreported income.

*United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (citation omitted).

determined that your 1985 self-employment income was $42,000. Using 1985 as the base year, income was calculated for all other years . . . ." Suppl. Rec. Vol. I, Ex. 9, Schedule B. [2] The second statement is: "Based on information gathered concerning Uptown Trash Service during 1985 and 1986, it has been determined that you had business expenses related to self-employment income. These expenses for 1985 were calculated to be $12,000. Using 1985 as a base year, expenses were calculated for all other years . . . ." *Id.*, Schedule C. No evidence supporting these statements was attached to the Notice of Deficiency or presented to the district court, either in connection with the government's motion for summary judgment or in response to the Nippers' Rule 59 motion.

On appeal, the government first contends that the assessments should be given the usual presumption of correctness based on the government's production of the Certificates of Assessment. This argument ignores the unreported income exception which has been recognized in this court, *see McMullin*, 948 F.2d at 1192. Without openly disavowing the exception, the government also argues that the Nippers "could not avoid the entry of judgment against them by merely resting on general denials of tax liability or the claim that the Commissioner's assessments were arbitrary." Appellee's Br. at 18. Again, this argument ignores

---

[2] This court has supplemented the original record on appeal with the government's motion for summary judgment and attached exhibits.

the threshold burden placed on the government by this exception. Without the required minimal evidentiary foundation, the government's assessments "may not be supported even where the taxpayer is silent." *Erickson v. Comm'r*, 937 F.2d 1548, 1551 (10th Cir. 1991). We fail to see how the Nippers' failure to respond to the government's motion for summary judgment can excuse the government's initial burden in district court to come forward with evidence in support of its claim that Timothy Nipper received unreported income before a presumption of correctness is afforded its assessments.

The government seeks to distinguish the cases on which the Nippers rely so as to narrow or even eliminate the unreported income exception. It cites other authority in support of its contention that, once it has identified a "likely source for the income," the government's burden to come forward with a minimum evidentiary foundation has been established. *See* Appellee's Br. at 20 n.10. Those cases on which the government relies, however, are distinguishable, and do not establish either the inapplicability of the unreported income exception to this case or the government's satisfaction of the exception's standards. These cases involve more specific evidence in support of the tax assessments, a taxpayer's failure to raise the unreported income exception until appeal, and a failure to deny, even in general terms, the receipt of unreported income. The government

-6-

here acknowledges Timothy Nipper's general denial of any involvement with Uptown Trash Service or receipt of income from it. *See id.* at 8. [3]

Unlike the information upon which other courts have concluded that the government satisfied the required evidentiary foundation in unreported income cases, the information before the district court in this case fails to meet even that minimal standard. The statements in the Notice of Deficiency do not link Timothy Nipper with an income-producing activity or ownership of an asset which produced income. [4] They do not reveal or describe any supporting substantive evidence, nor is such evidence attached. They fail to demonstrate any rational basis for the imputation of unreported income to years before and after the alleged 1985 income and expense figures. *Cf. Senter v. Comm'r*, 70 T.C.M. (CCH) 54, 58 (1995) (holding failure to present predicate evidence supporting receipt of alleged unreported income required ruling that government's deficiency determination was arbitrary). Without specific evidence connecting Timothy Nipper to income or assets associated with Uptown Trash Service, the government

---

[3] We do not address the government's arguments in support of its use of Consumer Price Index (CPI) statistics as a calculation tool. The Nippers did not challenge use of the CPI, only the basis for the alleged 1985 unreported income.

[4] The government's averment in response to the Nippers' Rule 59 motion that the assessments were based on Timothy Nippers "ownership of Uptown Trash Service," Rec. Vol. I, doc. 38 at 6, and its later contention on appeal that Timothy received income from Uptown Trash Service, *see* Appellee's Br. at 14, are not supported by the statements in the Notice of Deficiency.

is, in essence, forcing the taxpayer to prove a negative. *See Weimerskirch v. Comm'r*, 596 F.2d 358, 361 (9th Cir. 1979).

Although the district court did not have the benefit of briefing on the unreported income exception in its initial determination of the government's summary judgment motion, it is clear that the government was not entitled to "judgment as a matter of law" in light of the exception and the failure of the government to present the required minimal evidentiary foundation. Fed. R. Civ. P. 56(c); *Carmona v. Toledo*, 215 F.3d 124, 134 n.9 (1st Cir. 2000). The grant of summary judgment to the government was legal error requiring reversal. For those same reasons, we hold that the district court's subsequent denial of the Nippers' Rule 59 motion was an abuse of discretion, *see Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (stating manifest legal error is a proper basis for Rule 59 relief), and we reject the government's implicit argument that the Nippers have waived their arguments about the unreported income exception because they failed to respond to the government's motion for summary judgment.

Accordingly, we remand this case to the district court for further proceedings, wherein the burden will be on the government to prove its tax assessments. *See Erickson*, 927 F.2d at 1550 ("Where it lacks a rational basis the presumption evaporates."); *cf. McHan v. Comm'r*, 71 T.C. M. (CCH) 1724, 1726 (1996) (noting, in similar case before the Tax Court that, on remand, the burden is

on the government to come forward with evidence to support its tax deficiencies). We reject the Nippers' argument that, because the government has not satisfied the minimal evidentiary burden of the unreported income exception, they should be granted summary judgment. The Nippers have not demonstrated that they are entitled to judgment as a matter of law; they have established only that the presumption of correctness does not attach to the government's tax assessments.

In light of our remand of this case for further proceedings on the validity of the tax assessments, we decline to address the parties' arguments about the ownership of the property in question or the government's claim to foreclose on its liens. We do note, however, that the district court 's grant of a default judgment against the Proprietor Trust and subsequent foreclosure against the trust were not appealed to this court.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and REMANDED for further proceedings consistent with this opinion.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge