United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-61019
_____


TERRELL EQUIPMENT COMPANY INC.;
VERNON W. GRIFFIN,

                                        Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellee.



_____

No. 02-61043
_____


JANET M. GRIFFIN,

                                        Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

                                        Respondent-Appellee.

----------------------
Appeal from the United States Tax Court
----------------------

BEFORE WIENER, CLEMENT, and PRADO, Circuit Judges.

WIENER, Circuit Judge:

        After a jury acquitted Petitioner-Appellant Vernon Griffin on

all charges of criminal tax fraud (evasion), Respondent-Appellee

Commissioner of Internal Revenue ("Commissioner") assessed

deficiencies, additions to tax, and penalties against all

Petitioners-Appellants ("Petitioners" or "taxpayers")) for the tax

years 1987, 1988, and 1989, the same years involved in the criminal

case. The taxpayers challenged that determination in the United States Tax Court ("Tax Court") and ultimately prevailed. Petitioners then moved for an award of attorneys' fees and costs pursuant to 26 U.S.C. § 7430 and Tax Court Rule of Practice and Procedure 231. The Tax Court denied that motion, and it is that denial that the taxpayers appeal. For the reasons that follow, we affirm.

## I. Facts and Proceedings

The taxpayers in this case appeal a Tax Court order filed August 27th, 2002, denying them an award of litigation fees and costs.[1] In that ruling, the Tax Court held that the government's litigation position in the underlying civil case was "substantially justified," which shields the Commissioner from liability for fees and costs under I.R.C. § 7430(c)(4)(B)(i). The underlying litigation related to taxes paid in 1987, 1988, and 1989 by Terrell Equipment Company ("TECO"), Mr. Griffin, and Mrs. Griffin.[2] The Commissioner had determined deficiencies, additions to tax, and penalties for all Petitioners for the years in question. In the ensuing civil litigation, the Commissioner conceded that the period of limitations had expired absent a finding of fraud. The Tax

---

[1] See Terrell Equip. Co., Inc., et al. v. Comm'r of Internal Revenue, 84 T.C.M. (CCH) 259 (2002).

[2] Vernon and Janet Griffin were married to each other before and during the years in question, and Mr. Griffin was President of TECO during those years. Although the couple separated in 1990 and later divorced, the Tax Court referred to Mrs. Griffin by her married name in its opinions, and we will do the same.

Court found that none of the taxpayers had acted fraudulently, and therefore were not liable for any of the amounts determined by the Commissioner.[3]  After that decision, the taxpayers made a motion for award of fees and costs, and it is the denial of that award that they appeal.

## II. Analysis

### A. **Jurisdiction**

We have jurisdiction over this appeal pursuant to 26 U.S.C. § 7482(a)(1).  The Commissioner contends, however, that we have no jurisdiction over Mrs. Griffin's appeal because she filed notice of that appeal 92 days after the Tax Court entered its decision in her case.[4]  The Commissioner argues that TECO and Mr. Griffin's timely appeal does not function to give Mrs. Griffin an extra thirty days in which to file her appeal, as the second sentence of 26 U.S.C. § 7483 seems to suggest.  This is so, according to the Commissioner, because Mrs. Griffin was not a party to the decisions binding TECO

---

[3] See Terrell Equip. Co., Inc., et al., v. Comm'r of Internal Revenue, 83 T.C.M. (CCH) 1309 (2002).

[4] 26 U.S.C. § 7483 mandates a 90-day period for appeals of Tax Court decisions:

> Review of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered.  If a timely notice of appeal is filed by one party, any other party may take an appeal by filing a notice of appeal within 120 days after the decision of the Tax Court is entered.

Federal Rule of Appellate Procedure 13 contains the same provisions for the timing of appeals.

and Mr. Griffin, even though her case was consolidated with theirs for trial, briefing, and opinion. The Commissioner cites Twenty Mile Joint Venture, PND, Ltd., v. Commissioner,[5] and Davies v. Commissioner,[6] to support his argument.

In each of those cases, the situation was similar to the instant situation: Several actions had been consolidated in the Tax Court; one appellant timely appealed; and another appealed during § 7483's 90 to 120-day window following the decision. In Twenty Mile Joint Venture, the Tenth Circuit reasoned that the second (untimely) filer could not take advantage of the extra thirty days allowed by § 7483 because the second filer was not a party to the *decision* that bound the timely filer, even though both appellants' cases had been consolidated for purposes of trial and opinion. Because "the two cases had not lost their individual identities," and the timely filing appellant was appealing a separate decision, the Tenth Circuit held that the timely appeal did not extend the time for filing under § 7483.[7] The Davies court relied on similar reasoning to reach the same result, explaining that the appropriate inquiry is "solely whether the late filer was a party to the same *decision* as the timely filer[,]...*not* to his participation in the

---

[5] 200 F. 3d 1268 (10th Cir. 1999).

[6] 715 F.2d 435 (9th Cir. 1983).

[7] Twenty Mile Joint Venture, 200 F.3d at 1275.

same *proceeding* or to his inclusion in the same *opinion*."[8] As the cases currently before us were consolidated only for purposes of trial, briefing, and opinion, and separate decisions were entered in each case, reasons the Commissioner, TECO and Mr. Griffin's timely appeal does not garner Mrs. Griffin any additional time within which to file her own appeal.

In the instant case, however, none of the taxpayers appeal *decisions* of the Tax Court, as its *decisions* discuss only the merits of the underlying civil tax fraud case, and were favorable to Petitioners. Rather, Petitioners appeal only the Tax Court's Order dated August 27th, 2002, which denies all of them an award of fees and costs. In other words, as regards the denial of fees and costs, there is no "decision" to appeal, only the lone August 27th Order, which covers *all* Petitioners and was timely appealed by TECO and Mr. Griffin. This case is therefore distinguishable from Twenty Mile Joint Venture and Davies. As the Order being appealed affected all Petitioners, and TECO and Mr. Griffin's appeal was a "timely notice of appeal ... filed by one party" as described by § 7483, Mrs. Griffin was entitled to 120 days within which to file her own appeal. She filed her notice of appeal within that extended period, so we have jurisdiction over her appeal.

B. **Standard of Review**

We review Tax Court decisions concerning "substantial

---

[8] Davies, 715 F.2d at 437.

5

justification" under § 7430 for an abuse of discretion.[9]

C. **<u>Substantial Justification</u>**

Petitioners argue that the Commissioner's litigation position was not substantially justified because he allegedly attempted to prove fraud based only on understatement of income, which is contrary to established case law of this Circuit.[10]  Essentially, Petitioners argue that the Commissioner was aware of this case law, disagreed with it, tried to change it by pursuing the instant litigation, failed, and should therefore be held liable for fees and costs.[11]  The Commissioner responds that his litigation strategy at trial was grounded on many more indicators or "badges" of fraud than understatement of income alone, that the Tax Court's findings on this issue are amply supported, and that we should therefore affirm the Tax Court's denial of fees and costs.  We agree with the Commissioner.

---

[9] <u>See, e.g.</u>, <u>Hanson v. Commissioner</u>, 975 F.2d 1150, 1152-53 (5th Cir. 1992).

[10] <u>See</u> <u>Loftin & Woodward, Inc. v. United States</u>, 577 F.2d 1206, 1239 (5th Cir. 1978)("[C]ase law does not indicate that consistent and substantial understatement of income is sufficient, *by itself*, to support a finding of fraud.").

[11] Petitioners also argue that the Commissioner's pursuit of this case was a result of unreasonable IRS settlement policies set out in the IRS Manual. Petitioners failed to raise this argument before the Tax Court, however, and we therefore decline to consider it here.  <u>See, e.g.</u>, <u>Martinez v. Texas Dept. of Criminal Justice</u>, 300 F.3d 567, 573 (5th Cir. 2002) (explaining that the court will entertain new issues raised for the first time on appeal only in extraordinary circumstances); <u>Stokes v. Emerson Elec. Co.</u>, 217 F.3d 353, 358 n.19 (5th Cir. 2000) ("Arguments not raised in the district court cannot be asserted for the first time on appeal.").

The Tax Court found that the Commissioner "went to trial on the basis of the theory that multiple badges of fraud existed, and at trial he attempted to prove that multiple badges of fraud were present."[12]  Although the Commissioner concedes he argued that understatement of income alone might be enough to prove fraud in this Circuit, he asserts that this was a secondary, alternative argument, an assessment with which the Tax Court agreed.  More importantly, the Tax Court listed thirty stipulations of fact that it decided could have supported a finding of fraud.  Even though all of these stipulations relate in some way to understatement of income, many could have supported affirmative findings on other "badges" of fraud.

The government's position is substantially justified if it is "'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person.  That is no different from [a] 'reasonable basis both in law and fact' formulation."[13]  This case presents a close question: Even if, on a plenary review, we would reach a result opposite the conclusion of the Tax Court, we would — and do — affirm that court under the deferential abuse of discretion standard that is applicable in this appeal.  The Petitioners' argument depends on the proposition that

---

[12] Terrell Equip. Co., Inc., et al., v. Comm'r of Internal Revenue, 84 T.C.M. (CCH) 259, 2002 Tax Ct. Memo LEXIS 225, at *14 (2002).

[13] Pierce v. Underwood, 487 U.S. 552, 565 (1988).

7

the Commissioner went to trial on a theory that fraud could be proven based on nothing more than understatement of income. In the explication of its exercise of discretion, the Tax Court notes numerous stipulated facts that it concludes could support its determination that the government's litigation position was based on a theory of multiple badges of fraud, and that such a theory was "justified to a degree that could satisfy a reasonable person." Given the stipulations that the Tax Court relied on and the inferences that can be drawn from them, we cannot say that the Tax Court's denial of fees and costs under § 7430 was an abuse of discretion.

## III. Conclusion

For the foregoing reasons, the Tax Court's denial of attorneys' fees and costs is
AFFIRMED.