United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-30847
Summary Calendar

WANDA SANDERS,

Plaintiff-Appellant,

versus

AT&T; METROPOLITAN LIFE INSURANCE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CV-2633)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Wanda Sanders appeals the summary judgment awarded Metropolitan Life Insurance Company (MetLife) on her termination-of-benefits claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. (She does *not* appeal the summary judgment awarded AT&T.)

As an active employee at AT&T, Sanders took medical leave, for a mental disability, under its short-term-disability benefits plan. AT&T was the plan administrator; MetLife, the claims administrator.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A medical evaluation of Sanders' case, performed on behalf of MetLife toward the end of the 52 week period of short-term benefits, concluded that Sanders was *not* capable of returning to work. Based on MetLife's finding her disabled under the plan, Sanders was no longer considered an active employee of AT&T upon expiration of the 52 week period.

Sanders filed a claim for long-term-disability benefits, which was granted. Several months later, however, MetLife terminated those benefits after determining Sanders did *not* qualify for them. Sanders unsuccessfully administratively appealed the termination.

In May 2005, Sanders filed this action for, *inter alia*, damages against AT&T and MetLife, pursuant to ERISA, claiming, *inter alia*, the administrator had abused its discretion in terminating her benefits. The district court awarded summary judgment to AT&T and MetLife.

A summary judgment is reviewed *de novo*, viewing the record in the light most favorable to the non-movant and applying the same standards as did the district court. FED. R. CIV. P. 56(c); *e.g.*, **Bolton v. City of Dallas**, 472 F.3d 261, 263 (5th Cir. 2006). Such judgment is proper if the pleadings and discovery on file show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *e.g.*, **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

"When[, as here,] ... the language of the plan grants discretion to an administrator to interpret the plan and determine eligibility for benefits, a court will reverse an administrator's decision only for abuse of discretion." ***High v. E-Systems Inc.***, 459 F.3d 573, 576 (5th Cir. 2006). "The law requires only that substantial evidence support a plan fiduciary's decisions, including those to deny or to terminate benefits, *not* that substantial evidence (or, for that matter, even a preponderance) exists to support the employee's claim of disability." ***Ellis v. Liberty Life Assur. Co. of Boston***, 394 F.3d 262, 273 (5th Cir. 2004).

Sanders claims MetLife, as claims administrator, conducted only a limited review of her record, and "cherry picked" it to justify the termination of benefits. Essentially for the reasons stated by the district court in its well-reasoned and thorough opinion, MetLife did *not* abuse its discretion in terminating Sanders' long-term benefits. A plan administrator's reconsideration of its prior decision is sufficient to meet ERISA's "full and fair review" requirement. ***Sweatman v. Commercial Union Ins. Co.***, 39 F.3d 594, 598 (5th Cir. 1994). MetLife met this requirement by reviewing Sanders' medical files, obtaining independent medical review, reviewing the claim following appeal, and obtaining review by physician consultants in addition to the one who initially reviewed the claim.

3

Any remaining claims were *not* raised in district court. Accordingly, we decline to review them. *E.g.*, **Terrell Equip. Co. Inc. v. Comm'r of Internal Revenue**, 343 F.3d 478, 482 n.11 (5th Cir. 2003).

**AFFIRMED**