IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-60647

GERARD HENNESSEY AND AUDREY KATHLEEN HENNESSEY,

Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

Appeal from a Decision of
the United States Tax Court
No. 1:03-CV-950-LY

Before JONES, Chief Judge, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

    Gerard and Audrey Hennessey appeal the Tax Court's denial of their motion for costs. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

The Hennesseys had three sources of income. First, they were the sole shareholders of Beacon Telephone Systems, Inc. ("Beacon"). Second, Audrey Hennessey worked as a professor at Texas Tech University. Third, Audrey directed research at Texas Tech's Institute for Studies in Organizational Automation ("ISOA") and had formed an unincorporated consulting business with another professor based on the work. Audrey completed approximately 150 trips per year in connection with those positions. The Hennesseys claimed the expenses from these trips as business deductions.

The Hennesseys submitted several incomplete, deficient, or conflicting tax returns beginning in 1992. The IRS received two Forms 1040 from them for their 1992 taxes, both marked "Estimated." The Hennesseys submitted four Forms 1040 for 1993, each starkly different from the others: two were unsigned; total income varied from $54,300 on the first form to $19,442 on the final form; and Audrey's involvement with ISOA earned her $7,706 in income on one form and saddled her with a $37,098 loss on another. The Hennesseys submitted two Forms 1040 for 1994 as well, with ISOA income again differing by over $20,000. For 1995, $195,000 of income from ISOA was not disclosed.

In 1996, the IRS notified the Hennesseys that their 1992 tax return had been selected for examination. IRS Agent Susan Sutton requested several specific documents from the Hennesseys, who produced several "general ledgers" that listed dates, amounts, and types of expenses but did not supply the purpose of the expense or documentation. Later, the Hennesseys presented Sutton with revised ledgers containing some of this information, which Sutton determined was inconsistent with the deductions. The IRS informed the Hennesseys that they were deficient on their 1992 tax returns and that the investigation was being expanded to include other years.

The IRS issued a letter in 1998 proposing changes to the Hennesseys' re-

turn, which the Hennesseys appealed internally within the agency. The appeal ultimately ended with the conclusion that the Hennesseys were deficient on their personal returns from 1993 to 1996 and that their Beacon tax returns from the same time period required adjustments. The IRS finally determined that numerous deductions had not been adequately substantiated and that $195,000 of ISOA income had been improperly deferred on the 1995 return.[1]

The Hennesseys filed a petition with the Tax Court charging that their deductions were substantiated and that they did not fail to report taxable income for ISOA. After the IRS filed an answer, the Hennesseys agreed to file "mockup" tax returns. Once those returns were provided, the parties negotiated a settlement.

The Hennesseys moved for costs under 26 U.S.C. § 7430.[2] The IRS objected, stating that its position was "substantially justified."[3] After a hearing, the special trial judge agreed and denied costs. The Tax Court adopted the judge's findings of fact and conclusions of law and denied costs.

## II.

"We review the tax court's denial of a request for litigation costs for abuse of discretion." Estate of Cervin v. Comm'r, 111 F.3d 1252, 1256 (5th Cir. 1997) (citing Nalle v. Comm'r, 55 F.3d 189, 191 (5th Cir. 1995)). We will reverse the Tax Court's determination only if we have "a definite and firm conviction that

---

[1] In the appeal, the Hennesseys first took the position that this income was properly deferred under the accrual method, as distinguished from the cash method they had initially used for ISOA income.

[2] This allows for administrative and litigation costs to be awarded to a "prevailing party" in a tax case.

[3] Under 26 U.S.C. § 7430(c)(4)(B)(i), a "party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified."

an error of judgment was committed." Nalle, 55 F.3d at 191 (citing Bouterie v. Comm'r, 36 F.3d 1361, 1367 (5th Cir. 1994)). For the IRS to be substantially justified, it need only show that its position was "justified to a degree that could satisfy a reasonable person." Estate of Baird v. Comm'r, 416 F.3d 442, 446 (5th Cir. 2005) (citing Terrell Equip. Co. v. Comm'r, 343 F.3d 478, 482 (5th Cir. 2003)).

The Hennesseys argue that the IRS was not substantially justified in two of its positions: first, in disallowing of some of the Hennesseys' deductions, and second, in finding that the Hennesseys improperly deferred income. We address each in turn.

## A.

A deduction is a matter of legislative grace, so the taxpayer has the burden of showing the deduction was proper. INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84 (1992) (internal quotations omitted). A taxpayer must substantiate business travel with the trip's cost, time, place, and purpose. See 26 U.S.C. § 274(d). Failure to include that information results in disallowance of the deduction. See Habeeb v. Comm'r, 559 F.2d 435, 437 (5th Cir. 1977).

The Hennesseys failed to carry their burden of proving their deductions were proper. They did not provide the IRS with supporting documentation for all of their trips; some of the documentation they did provide was not consistent with their deductions; and they did not provide the required business purpose needed for several deductions. Those errors provided the IRS with the substantial justification it needed to take its administrative position.

## B.

Regarding the issue of deferred income, on their 1995 ISOA return, the Hennesseys designated the company as a cash basis taxpayer but did not record $195,000 of ISOA income. The IRS took the position that the income was im-

properly deferred, but the Hennesseys stated in 2000 that it was properly deferred because they had switched to an accrual accounting method for the company.

The Hennesseys' argument for deferred income rests on changing their accounting method from a cash basis to an accrual basis. Title 26 U.S.C. § 446(e), however, requires that "a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary." The Hennesseys never secured such consent. Thus, the ISOA returns should have been filed on a cash, not accrual, accounting basis, which requires that any income received in a given year "be included in the gross income for [that] taxable year."[4] The Hennesseys failed to include income received in 1995 on their 1995 ISOA tax returns, and that failure provided the IRS with substantial justification to take its administrative position.

The decision of the Tax Court is AFFIRMED.

---

[4] 26 U.S.C. § 451(a); see Arnwine v. Comm'r, 696 F.2d 1102, 1111 (5th Cir. 1983) ("Cash basis taxpayers are required to include items of income in the taxable year in which such income is actually or constructively received by them" (citations omitted)).