**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-102

UNITED STATES TAX COURT

DIANE L. HARGREAVES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22026-12S.                    Filed December 11, 2013.

<u>Donald P. Edwards</u>, for petitioner.

<u>John W. Sheffield, III</u> and <u>Ashley Y. Smith</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner commenced this action for redetermination in response to a notice of deficiency dated May 29, 2012, determining a deficiency in income tax and additions to tax for 2009.  In a Stipulation Of Settled Issues filed June 17, 2013, the parties resolved all substantive issues.  Presently before the Court is petitioner's Motion For Award Of Reasonable Litigation Costs, filed September 3, 2013, pursuant to section 7430 and Rules 230 through 233.  In her motion, petitioner seeks an award of litigation costs of $16,392.[2]

The issue for decision is whether petitioner is entitled to an award of reasonable litigation costs.

Petitioner has requested a hearing on her motion.  In contrast, respondent thinks one is unnecessary.  Upon review of the record, the Court concludes that petitioner's motion can be decided without a hearing.  See Rule 232(a)(2) ("A

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All amounts have been rounded to the nearest dollar.  In a Reply filed November 6, 2013, to respondent's Objection to her motion, petitioner appears to revise the award sought upward to $19,498.

motion for reasonable litigation * * * costs ordinarily will be disposed of without a hearing unless it is clear * * * that there is a bona fide factual dispute that cannot be resolved without an evidentiary hearing.").

## Background

Petitioner resided in the State of Georgia at the time that her petition was filed with the Court.

## Substitute For Return and Notice of Deficiency for 2009

At the time that respondent sent the May 29, 2012, notice of deficiency to petitioner for 2009, petitioner had not filed an income tax return for that year. Preliminary to the issuance of such notice, respondent prepared (inter alia) a substitute for return pursuant to section 6020(b) using information from third parties regarding payments made to petitioner during 2009.  Respondent sent petitioner a Substitute For Return Notice on February 21, 2012, in the form of a so-called 30-day letter.

The substitute for return summary reflected respondent's determination that for 2009 petitioner had total income of $92,977 (including wages, interest, dividends, pensions, and self-employment income).  The substitute for return allowed a standard deduction and a single exemption.  It did not provide for any

deductions or credits other than for tax of $2,413 that was prepaid through withholding.

Petitioner did not respond to the 30-day letter by providing either a 2009 Federal income tax return or documentation that addressed the changes proposed in respondent's 30-day letter. Accordingly, on May 29, 2012, respondent sent petitioner a notice of deficiency for 2009, which notice confirmed the preliminary determination in the 30-day letter. Thus, the notice of deficiency determined a deficiency of $18,138, as well as additions to tax for failure to timely file, failure to timely pay, and failure to pay estimated tax. Petitioner timely filed a petition for redetermination. On October 16, 2012, respondent filed an answer to the petition.

Efforts by the Appeals Office To Resolve the Case

By letter dated October 24, 2012, the team manager of respondent's Appeals Office contacted petitioner and explained the administrative appeal process. Thereafter, by letter dated November 29, 2012, the assigned Appeals officer requested that petitioner complete, sign, and file a 2009 Form 1040, U.S. Individual Income Tax Return, and furnish documentation in support of any deduction that might be claimed on such return.

By letter dated January 16, 2013, the Appeals officer reminded petitioner of the need "to furnish me additional information to support your position" and that in the absence thereof, "[i]t would then be necessary for me to forward your case to Area Counsel for Trial Preparation."

On January 17, 2013, the Court issued a Notice Setting Case For Trial, notifying the parties that this case was set for trial at the Court's trial session commencing on June 17, 2013, in Atlanta, Georgia.

On March 28, 2013, the Appeals officer signed off on an Appeals Transmittal And Case Memo, which the Appeals team manager approved on April 3, 2013. This document indicated that petitioner had still not filed a 2009 income tax return, that the administrative appeal had been closed, and that the matter was being referred to the legal office for trial preparation in anticipation of the June 2013 Atlanta, Georgia trial calendar.

Petitioner's Purported 2009 Income Tax Return

By letter dated May 3, 2013, petitioner sent to respondent's trial counsel in Atlanta, Georgia, a copy of a signed (but undated[3]) Form 1040 for 2009 that

---

[3] On page 2 of the Form 1040, opposite the signature blocks and in the space for the date, the letters "N/A" appear.

petitioner represented had been "filed April 15, 2013" with the IRS.[4] The Form 1040 purported to be a joint return by petitioner and her husband and reflected total income as follows:

| | |
|---|---:|
| Wages | $36,011 |
| Taxable interest | 402 |
| Ordinary dividends | 4,246 |
| Taxable pensions | 44,448 |
| Trust income | 1,660 |
| Taxable Social Security benefits | 8,500 |
| Subtotal | 95,267 |
| Less:  Business loss | -[1]19,088 |
| Farm loss | - [2]2,006 |
| Total income | 74,173 |

[1] On two Schedules C, Profit Or Loss From Business, petitioner reported gross income of $13,661 and total expenses of  $32,749.
[2] On a Schedule F, Profit Or Loss From Farming, petitioner reported no gross income and total expenses of $2,006.

Petitioner reduced total reported income by $7,300 for two personal exemptions and by $27,779 for itemized deductions,[5] resulting in taxable income of $39,094.  Petitioner then reported total tax of $4,389.  Against that amount she

---

[4] The record in this case does not permit a definitive finding that petitioner mailed a 2009 return that was received by an IRS service center.  However, the record does demonstrate that if a 2009 return was received, it was not filed and processed as a return.  In any event, and as will be seen in the "Discussion" infra, this matter is not germane to our analysis of the motion before us.

[5] Itemized deductions included taxes of $7,179, mortgage interest of $16,877, and charitable contributions of $3,723.

claimed withholding of $2,413, a making work pay credit of $550, and $35,000 for "2009 estimated tax payments and amount applied from 2008 return". By letter dated May 15, 2013, respondent's counsel contacted petitioner. The first two paragraphs of that letter stated as follows:

> This letter concerns your case in the United States Tax Court currently scheduled for trial on Monday, June 17, 2013 in Atlanta, Georgia. I previously sent a letter to you requesting a Branerton Conference on April 30, 2013. I previously asked that you contact my office on or before May 6, 2013 in regards to scheduling the meeting. To date, I have yet to hear from you in regards to a proposed meeting date or time.

> I would like to note, however, that I am in possession of the 2009 Form 1040 that you rendered to my office on May 3, 2013. On May 8, 2013, I forwarded a response and acknowledged receipt of the proposed 2009 Form 1040. Furthermore, I requested substantiation to the extent of deductions you claimed, however, I have yet to receive any of such.

By letter dated May 31, 2013, respondent's counsel again contacted petitioner. The substance of this letter, in its entirety, stated as follows:

> Your case is currently set for trial on Monday, June 17, 2013. I have sent several letters and placed numerous phone calls. However, I have yet to receive any response. Please contact me at * * * as soon as possible so that we may discuss your matter.

## Petitioner's Case at Docket No. 22680-11S for the Taxable Year 2008

On October 3, 2011, petitioner and her husband commenced an action for redetermination in respect of separate notices of deficiency that respondent sent to

each of them after petitioner and her husband failed to file any income tax return (either separately or jointly) for 2008. Ultimately, on April 29, 2013, after the issuance of a Notice Setting Case For Trial and on the day that the case was called from the trial calendar, petitioner and her husband, and respondent entered into a Settlement Stipulation. Thereafter, on May 7, 2013, the Court entered decision pursuant to agreement of the parties. The stipulation portion of the Decision included the following paragraph:

> It is further stipulated that there is a prepayment credit for the taxable year 2007 in the amount of $12,947.97 under the account of petitioner husband. It is stipulated that there is an overpayment of $5,625.00 for the 2008 tax year, resulting from the disposition of this case. It is stipulated that respondent agrees to transfer the credit of $18,572.97 (comprised of the aforementioned amounts) to the 2009 tax year for petitioners.

Substantive Resolution of the Instant Case

On May 29, 2013, petitioner signed Form 2848, Power of Attorney and Declaration of Representative, appointing attorney Donald P. Edwards (petitioner's counsel) as her representative.[6]

On June 11, 2013, petitioner's counsel faxed respondent's counsel the Form 2848 and requested a meeting to discuss petitioner's case. The penultimate

---

[6] Petitioner's counsel did not enter his appearance in the instant case until June 17, 2013.

paragraph of petitioner's counsel's cover letter stated in part as follows: "We have no problem with stipulating to the income in the NOD [notice of deficiency] and the additional income reported on the joint return if the government will stipulate to the expenses on the return which we are able to substantiate."

Petitioner's counsel and respondent's counsel met on June 13, 2013. At the meeting, petitioner's counsel provided a draft of a revised income tax return for 2009 "for settlement purposes only" (revised return) and supporting documentation. The revised return reflected total income as follows:

| | |
|---|---:|
| Wages | $36,011 |
| Taxable interest | 962 |
| Ordinary dividends | 4,341 |
| Taxable IRA distribution | 44,448 |
| Trust income | 849 |
| Taxable Social Security benefits | 8,194 |
| Subtotal | 94,805 |
| Less: Business loss | -[1]1,147 |
| Farm loss | -2,006 |
| Total income | 91,652 |

[1] Two Schedules C reported gross income of $14,840 and total expenses of $15,987.

The revised return reduced total income by $7,300 for two personal exemptions and by $27,907 for itemized deductions,[7] resulting in taxable income

_____

[7] Itemized deductions included taxes of $6,678, mortgage interest of $17,319, and charitable contributions of $3,910.

of $56,445. The revised return then reported total tax of $6,991. Against that amount the revised return claimed withholding of $2,414, a making work pay credit of $800, and $18,573 for "2009 estimated tax payments and amount applied from 2008 return".

Following counsel's conference on June 13, 2013, the parties entered into a Stipulation Of Settled Issues, which they executed on June 17, 2013, and filed with the Court at calendar call later that day. Therein, the parties agreed that petitioner's income tax for 2009 would be based on rates applicable to married individuals filing jointly. The parties also agreed that the entries on petitioner's revised return would be respected, except that: (1) Total expenses per the two Schedules C were $12,401 (rather than $15,987); and (2) Schedule F farm expenses were $669 (rather than $2,006). In addition, respondent conceded all three additions to tax, and the parties agreed that petitioner's husband had incurred a $15,000 expense that should be capitalized.

On the basis of the Stipulation Of Settled Issues, and pursuant to agreement of the parties, the Court entered decision in this case on July 19, 2013. The Decision portion of the so-called stip-decision reflected that for 2009 petitioner was liable for a deficiency in income tax of $7,183 and no additions to tax. The

stipulation portion of the stip-decision concluded with the following three paragraphs:

> It is further stipulated that there is a prepayment credit from W-2 withholding for the taxable year 2009 in the amount of $2,414.00. It is stipulated that the deficiency for the taxable year 2009 is computed without considering the prepayment credit from W-2 withholding of $2,414.00.

> It is further stipulated that there is a prepayment credit for the taxable year 2009 in the amount of $18,573.00, which resulted from a transfer credit from the taxable year 2008. It is stipulated that the deficiency for the taxable year 2009 is computed without considering the transfer credit of $18,573.00.

> It is stipulated that respondent agrees to transfer any remaining credit from the 2009 tax year to the 2010 tax year for petitioner.

<u>Petitioner's Motion For Award Of Reasonable Litigation Costs</u>

On August 26, 2013, petitioner filed a Motion For Leave To File Motion To Vacate Decision Out Of Time. Also on August 26, 2013, petitioner lodged (1) a Motion To Vacate Decision and (2) a Motion For Award Of Reasonable Litigation Costs.

On September 3, 2013, the Court granted petitioner's motion for leave. Also on that date the Court filed and granted petitioner's Motion To Vacate Decision and filed petitioner's Motion For Award Of Reasonable Litigation Costs.

The Court then ordered respondent to file an objection or other response to petitioner's Motion For Award Of Reasonable Litigation Costs.

On September 23, 2013, respondent filed an objection to petitioner's motion for costs. The grounds on which respondent objected include: (1) petitioner did not exhaust her administrative remedies; (2) petitioner unreasonably protracted the proceedings; (3) the fees requested by petitioner are not reasonable; (4) some of petitioner's costs were not incurred in connection with the Court proceeding as defined in the applicable regulations; and (5) respondent's position was substantially justified.

On November 6, 2013, petitioner filed a reply to respondent's objection to her motion for costs.

Discussion

We apply section 7430 as amended by Congress in the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3101, 112 Stat. at 727.[8]

---

[8] Sec. 7430 was amended most recently by Congress in the Community Renewal Tax Relief Act of 2000 (CRTRA), Pub. L. No. 106-554, sec. 319(25), 114 Stat. at 2763A-647. The amendment, which is effective on the date of enactment of CRTRA (December 21, 2000), affects only sec. 7430(c)(3) and is purely clerical.

I. Requirements for a Judgment Under Section 7430

Under section 7430(a), a judgment for litigation costs incurred in connection with a court proceeding may be awarded only if a taxpayer: (1) is the prevailing party; (2) has exhausted his or her administrative remedies with the IRS; and (3) did not unreasonably protract the court proceeding. Sec. 7430(a) and (b)(1), (3); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313.

A taxpayer must satisfy each of the respective requirements to be entitled to an award of litigation costs under section 7430. Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Marten v. Commissioner, T.C. Memo. 2000-186. Upon satisfaction of these requirements, a taxpayer may be entitled to reasonable costs incurred in connection with the court proceeding. Sec. 7430(a)(1) and (2), (c)(1) and (2).

To be a "prevailing party", the taxpayer must: (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented; and (2) satisfy the applicable net worth requirement. Sec. 7430(c)(4)(A). Respondent concedes that petitioner has satisfied the requirements of section 7430(c)(4)(A). Petitioner will nevertheless fail to qualify as the

prevailing party if respondent can establish that respondent's position in the court proceeding was substantially justified.  See sec. 7430(c)(4)(B)(i).

II.  Substantial Justification

The Commissioner's position is substantially justified if, on the basis of all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably.  Pierce v. Underwood, 487 U.S. 552 (1988); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313.  In other words, to be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact.  Underwood, 487 U.S. at 563-565; Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), aff'g in part, rev'g in part on other grounds 92 T.C. 510 (1989).  A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person."  Underwood, 487 U.S. at 565 (construing similar language in the Equal Access to Justice Act).  The reasonableness of the Commissioner's position must also be viewed on the basis of the Commissioner's knowledge of the facts and circumstances available at the time.  Williams v. Commissioner, T.C. Memo. 1997-541, aff'd without published opinion, 176 F.3d 486 (9th Cir. 1999).  Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct.'"  Maggie Mgmt. Co. v.

Commissioner, 108 T.C. 430, 443 (1997) (quoting Underwood, 487 U.S. at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), aff'g T.C. Memo. 1994-182. We look to whether the Commissioner's position was reasonable given the available facts and circumstances at the time that the Commissioner took his position. Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985); Polz v. Commissioner, T.C. Memo. 2011-117.

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). However, the Commissioner's concession remains a factor to be considered. Powers v. Commissioner, 100 T.C. 457, 471 (1993), aff'd in part, rev'd in part and remanded on another issue, 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of litigation costs is the position taken by the Commissioner as of the date of his

answer to the petition.  Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144; Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313; see sec. 7430(c)(7)(A).  Respondent filed his answer on October 16, 2012.  Respondent's position was that because petitioner had failed to file her Federal income tax return for 2009, respondent was obliged to prepare a substitute for return using information available from third parties regarding payments made to petitioner. At the time respondent filed the answer to the petition, petitioner had not filed a 2009 Federal income tax return, nor had she provided any substantiation for deductions or credits that she would subsequently claim.

Deductions and credits are matters of legislative grace.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Thus, a taxpayer is required to substantiate the deductions and credits that the taxpayer claims by maintaining records necessary to establish both the taxpayer's entitlement to such items and the proper amounts thereof.  Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.; see Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); see also sec. 7491(a)(2)(A) and (B).

A taxpayer's self-serving declaration is no ironclad substitute for the records that the law requires. See Weiss v. Commissioner, T.C. Memo. 1999-17; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245, 247 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), aff'd, 175 F.2d 500 (2d Cir. 1949).

In the instant case, petitioner's revised return, which was provided to respondent's counsel within a week of the commencement of the trial session, claimed: (1) losses for two Schedule C businesses and for a farm activity; (2) itemized deductions (including State and local taxes, home mortgage interest, and charitable contributions); and (3) a carryforward credit. We have held that whenever the claiming of deductions and credits requires factual determinations, the Commissioner is not obliged to concede such deductions and credits until the Commissioner has received, and has had a reasonable period of time to verify, adequate substantiation for the matters in question. See Newman v. Commissioner, T.C. Memo. 2012-74; Huynh v. Commissioner, T.C. Memo. 2002-110; Gealer v. Commissioner, T.C. Memo. 2001-180; O'Bryon v. Commissioner, T.C. Memo. 2000-379; Cooper v. Commissioner, T.C. Memo. 1999-6.

On the basis of the facts available to respondent at the time the answer was filed, as well as the longstanding legal precedent regarding the availability of tax deductions and credits, respondent's position had a reasonable basis in both law and fact and therefore was substantially justified. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443; see also Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313. Thus, when respondent filed his answer, petitioner had not filed a 2009 Federal income tax return; moreover, petitioner's 2008 tax matter had not yet been resolved, so there was no reason to believe there was a carryforward credit. In addition, respondent had not yet received documentation sufficient to substantiate petitioner's later claimed deductions and credits for 2009.

We note that when respondent finally received petitioner's revised return and documents substantiating the claimed deductions and credits, the documentation was promptly considered by respondent and a basis of settlement was reached within a few days.

In view of the foregoing, respondent's position in the Court proceeding was substantially justified.

III.  <u>Remaining Requirements of Section 7430</u>

Because respondent's position in the Court proceeding was substantially justified, we need not decide whether petitioner exhausted her administrative remedies, whether petitioner unreasonably protracted the proceeding, or whether the litigation costs claimed by petitioner are reasonable in amount or were incurred in connection with the Court proceeding.

Accordingly, we hold that petitioner is not entitled to an award of litigation costs.

Conclusion

We have considered all of the contentions and arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.